UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOOR SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DOOR SYSTEMS, INC.,<br><br>Defendant. | Civil Action No.: 26-14133<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

The plaintiff, Door Systems, Inc. ("Door Systems" or "plaintiff"), for its complaint against the defendant DOOR SYSTEMS, INC. ("defendant") states that:

NATURE OF THE ACTION

1. In this action, Door Systems seeks to recover damages and to obtain preliminary and permanent injunctive relief for the defendant's infringement of Door Systems' trade name; false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); dilution of Door Systems' trade name under Mass. Gen. Laws ch. 110H, § 13; unfair competition under Massachusetts common law; unfair and deceptive acts or practices under Mass. Gen. Laws ch. 93A, § 1, *et seq*; and violation of Mass. Gen. Laws ch. 156D, §§ 4.01, 15.06.

2. Because the defendant, DOOR SYSTEMS, INC., has the same corporate name as the plaintiff, Door Systems, Inc., the defendant is referred to throughout this Complaint as the "defendant" in an attempt to avoid confusion between the parties.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the subject matter of this action under 28 U.S.C. §§ 1331, 1367(a), and 1338, the Lanham Act, Title 15 of the United States Code, and principles of supplemental and ancillary jurisdiction.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events giving rise to the claims occurred here and the defendant is subject to this Court's personal jurisdiction with respect to the civil action in question.

## THE PARTIES

5. The plaintiff, Door Systems, Inc. ("Door Systems" or "plaintiff"), is a Massachusetts corporation with a place of business at 120 Alexander Street, Framingham, Massachusetts 01702.

6. The defendant, DOOR SYSTEMS, INC. ("defendant"), is a Delaware corporation with places of business at 1220 N. Price Road, Suite 2, Olivette, Missouri 63132 and 136 Newbury Street, Boston, Massachusetts 02116.

7. On information and belief, the defendant conducts business under the name "DOOR SYSTEMS, INC." and offers products and services relating to garage entries, access-control hardware, smart-home technology, software, and related services.

## FACTUAL BACKGROUND

## THE PLAINTIFF'S RIGHTS

8. The plaintiff, Door Systems, is a longstanding family-owned business and a leading dealer and distributor of overhead garage doors. Door Systems sells, installs, services, and repairs residential, commercial, and industrial garage doors, motorized door operators, and related products and services.

9. Door Systems incorporated as a Massachusetts corporation on January 2, 1974.

10. Door Systems is headquartered in Framingham, Massachusetts, and has expanded its business to multiple locations throughout the northeastern United States. Door Systems currently operates twenty-two locations and a fleet of more than 130 trucks.

11. Door Systems promotes and provides information concerning its products and services through Door Systems' website at www.doorsys.com.

12. Since at least as early as January 2, 1974, Door Systems has continuously used the trade name "Door Systems" in connection with Door Systems' business and to identify the company and its products and services.

13. Since at least as early as January 2, 1974, Door Systems has continuously used the terms "Door Systems," "Door Systems, Inc.," and "DOOR SYSTEMS, INC." (collectively, "Door Systems Terms") in connection with Door Systems' business and to identify the company and its products and services.

14. At least as early as November 15, 2016, Door Systems began using in commerce the Door Systems Terms and the following logo, alone or in combination, in connection with Door Systems' business, including the sale, installation, repair, and maintenance of garage doors and related products and services:

DOOR SYSTEMS

15. At least as early as November 15, 2016, Door Systems began using in commerce the Door Systems Terms and the following logo, alone or in combination, in connection with

Door Systems' business, including the sale, installation, repair, and maintenance of garage doors and related products and services:

DOOR SYSTEMS

16. As a result of use, Door Systems has rights in the trade name "Door Systems" and the Door Systems Terms ("Door Systems Rights").

17. Door Systems uses four primary trade channels: in Door Systems' retail stores, to a network of wholesale accounts, through international distributors, and through Door Systems' website.

18. Door Systems promotes the sale and servicing of garage doors and related parts on the webpage located at www.doorsys.com.

19. The Door Systems Rights are valuable assets of Door Systems.

20. The strength of the Door Systems Rights is due to Door Systems' consistent emphasis on innovative and distinctive product designs, product quality and high-quality customer service.

21. The Door Systems Rights represent Door Systems' longstanding business providing residential, commercial, and industrial garage doors and related products and services, including the sale, installation, maintenance, and repair of garage doors and related equipment.

22. Door Systems controls the manner in which Door Systems' goods and services are advertised, marketed, and promoted in the United States and internationally.

23. Door Systems sells and services garage doors and related parts. Purchasers from Door Systems are located in the United States, with a concentration of purchasers throughout the

Northeastern United States. Door Systems has a strong presence in the New England states and New York, with a particular focus on the Metro Boston area, including Norfolk, Middlesex, Suffolk, Bristol, and Worcester counties.

24. Due to Door Systems' longstanding and continuous use of the Door Systems Terms, Door Systems has developed substantial goodwill associated with the Door Systems Rights.

25. As a result of Door Systems' longstanding and continuous business activities in Framingham and other communities using the Door Systems Terms, Door Systems has developed substantial and significant goodwill associated with the Door Systems Rights in the Commonwealth of Massachusetts.

26. Through Door Systems' extensive and continuous use over many years, the Door Systems Terms have become associated with Door Systems and Door Systems' products and services.

27. Through Door Systems' extensive and continuous use and presence in Framingham and other communities over many years, the Door Systems Terms have become strongly associated with Door Systems' products and services in the Commonwealth of Massachusetts.

28. As a result of Door Systems' longstanding use and the goodwill and reputation developed in connection with the Door Systems Terms, customers have come to recognize the Door Systems Terms as identifying the products and services of Door Systems.

29. As a result of Door Systems' longstanding use and the goodwill and reputation developed in Massachusetts in connection with the Door Systems Terms, customers have come

to recognize the Door Systems Terms as identifying the products and services of Door Systems located in Framingham and other communities in the Commonwealth of Massachusetts.

30. Door Systems would be damaged by any diminution in the strength of the Door Systems Rights.

THE DEFENDANT

31. The defendant incorporated as a Delaware corporation on February 5, 2014.

32. On December 2, 2024, the defendant registered to transact business in the Commonwealth of Massachusetts with the name LATCH SYSTEMS, INC.

33. On August 12, 2025, the defendant changed its corporate name in Delaware from Latch Systems, Inc. to DOOR Systems, INC.

34. On August 25, 2025, Dave Lillis, the President and Director of the defendant, signed a DBA Attachment on behalf of the defendant that stated, "This corporation agrees not to do business is Massachusetts under the above name [DOOR SYSTEMS, INC.] while use of the name is prohibited by G.L. Chapter 156D, Section 4.01 and/or G.L. Chapter 156D, Section 15.06 where applicable to foreign corporations . . . ." The DBA Attachment is page 4 of a Certificate of Amendment filed by defendant with the Secretary of the Commonwealth on September 15, 2025. Ex. A.

35. Section 4.01 (b) provides, in pertinent part:

> (b) Except as authorized by subsections (c) and (d), a corporate name may not be the same as, or so similar that it is likely to be mistaken for:
>
> > (1) the corporate name or trade name of a corporation organized, authorized to transact business or otherwise lawfully conducting business in the commonwealth.

36. Section 4.01 (c) provides that "The secretary of state shall authorize use of the name applied for if: (1) the other user consents to the use in writing and, if required by the secretary of state, submits an undertaking in form satisfactory to the secretary of state to change its name or mark to a name or mark that is not the same as or so similar that it is likely to be mistaken for the name of the applicant."

37. The plaintiff is organized in the commonwealth and has not consented in writing to use of its corporate name by the defendant. *See* M.G.L. ch. 156D, § 4.01.

38. Section 4.01 (d) applies in situations involving merger, reorganization, or asset acquisition, which are not here applicable.

39. Section 15.06 (b) provides, in pertinent part:

> (b) Except as authorized by subsections (c) and (d), the corporate name . . . of a foreign corporation may not be the same as, or so similar that it is likely to be mistaken for:
>
> > (1) the corporate name or trade name of a corporation organized . . . in the commonwealth.

40. Section 15.06 (c) provides that "The secretary of state shall authorize use of the name applied for if: (1) the other corporation consents to the use in writing and, if required by the secretary of state, submits an undertaking in form satisfactory to the secretary of state to change its name to a name that is not the same as or so similar that it is likely to be mistaken for the name of the applicant."

41. The plaintiff is organized in the commonwealth and has not consented in writing to use of its corporate name by the defendant. *See* M.G.L. ch. 156D, § 15.06.

42. Section 15.06 (d) applies in situations involving merger, reorganization, or asset acquisition, which are not here applicable.

43. Section 15.06 (e) provides that "If a foreign corporation authorized to transact business in the commonwealth changes its corporate name to one that does not satisfy the requirements of section 4.01, it may not transact business in the commonwealth under the changed name until it adopts a name satisfying the requirements of section 4.01 and files with the secretary of state, under section 15.04, an amendment to the certificate required to be filed by it under section 15.03."

44. On August 27, 2025, the defendant, by written consent of its sole director, authorized the use of "DOOR" in Massachusetts to the extent that its corporate name was unavailable for use in Massachusetts. The defendant further resolved that it would not use the name "DOOR Systems, Inc." in Massachusetts while use of that name was prohibited.

45. On September 14, 2025, the defendant filed a Business Certificate with the City of Woburn, Massachusetts, declaring that its business was conducted under the name "DOOR" and identifying its corporate name as "DOOR SYSTEMS, INC."

46. On September 15, 2025, the defendant filed a Certificate of Amendment with the Massachusetts Secretary of the Commonwealth requesting to change its corporate name to DOOR SYSTEMS, INC. and identifying "DOOR" as the name under which the defendant would transact business in the Commonwealth of Massachusetts.

47. Despite the defendant's written commitments not to do business in Massachusetts under the name DOOR SYSTEMS, INC. while use of the name is prohibited by M.G.L. ch. 156D, § 4.01 and/or M.G.L. ch. 156D, § 15.06, the defendant currently transacts business in the

Commonwealth of Massachusetts using the name "DOOR SYSTEMS, INC." as more fully stated hereinbelow.

48. Upon information and belief, the defendant took the actions described hereinabove in an effort to fall within the requirements in Sections 4.01 (c) (1) and 15.06 (c) (1) that it submit an undertaking in form satisfactory to the secretary of state to change its name or mark to a name or mark that is not the same as or so similar that it is likely to be mistaken for the name of the applicant.

49. Because the plaintiff has not consented in writing to the use of the name applied for by the defendant, the exceptions in 4.01 (c) and 15.06 (c) do not apply.

50. As a result, the defendant's Massachusetts corporate name may not be "DOOR SYSTEMS, INC." as that name is the same as the corporate name of the plaintiff, which is organized to transact business in the commonwealth. *See* §§ 4.01 (b); 15.06 (b).

51. The defendant maintains and operates a website at www.door.com.

52. The defendant provides products and services relating to garage entries, doors, access-control hardware, smart-home technology, software, and related services.

53. The defendant's webpage, located at https://door.com/policy/cookies, is available to consumers in the Commonwealth of Massachusetts and uses the term "Door Systems, Inc." to transact business in the Commonwealth of Massachusetts.

54. The defendant's webpage, located at https://door.com/policy/data-processing-agreement, is available to consumers in the Commonwealth of Massachusetts and uses the term "Door Systems, Inc." to transact business in the Commonwealth of Massachusetts.

55. The defendant's webpage, located at https://door.com/policy/installation-services-terms-and-conditions-access-control-iot, is available to consumers in the Commonwealth of

Massachusetts and uses the term “Door Systems, Inc.” to transact business in the Commonwealth of Massachusetts.

56. The defendant’s webpage, located at https://door.com/policy/license-agreement, is available to consumers in the Commonwealth of Massachusetts and uses the term “Door Systems, Inc.” to transact business in the Commonwealth of Massachusetts.

57. The defendant’s webpage, located at https://door.com/policy/partner-data-processing-agreement, is available to consumers in the Commonwealth of Massachusetts and uses the term “Door Systems, Inc.” to transact business in the Commonwealth of Massachusetts.

58. The defendant’s webpage, located at https://door.com/policy/privacy, is available to consumers in the Commonwealth of Massachusetts and uses the term “Door Systems, Inc.” to transact business in the Commonwealth of Massachusetts.

59. The defendant’s webpage, located at https://door.com/policy/subscription-terms, is available to consumers in the Commonwealth of Massachusetts and uses the term “Door Systems, Inc.” to transact business in the Commonwealth of Massachusetts.

60. The defendant’s webpage, located at https://door.com/policy/terms-of-service, is available to consumers in the Commonwealth of Massachusetts and uses the term “Door Systems, Inc.” to transact business in the Commonwealth of Massachusetts.

61. The defendant’s webpage, located at www.door.com, identifies 136 Newbury Street, Boston, Massachusetts 02116, as an “Office Location.” On information and belief, the defendant transacts business in the Commonwealth of Massachusetts. *See* Ex. B with the addition of an arrow pointing to defendants Office Locations.

62. The defendant's adoption and use of the name "DOOR SYSTEMS, INC." in Massachusetts began decades after Door Systems began using the Door Systems Terms and acquired the Door Systems Rights.

63. The defendant's adoption and use of the name "DOOR SYSTEMS, INC." has resulted in actual confusion.

64. Among other instances of confusion, Door Systems has received checks that, on information and belief, were intended for the defendant.

65. The defendant's actions are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of the defendant with Door Systems, and as to the origin, sponsorship, or approval of the defendant's goods, services, and commercial activities by Door Systems.

66. By letter dated June 16, 2026, Door Systems gave notice to the defendant of Door Systems' rights and the defendant's unlawful use of "DOOR SYSTEMS, INC." in the Commonwealth of Massachusetts.

67. Despite further communication, the defendant has neglected or refused to cease its impermissible use of "DOOR SYSTEMS, INC." in the Commonwealth of Massachusetts.

68. The defendant's failure to limit its use of its trade name to "DOOR", despite its written commitments to do so, and the defendant's refusal to cease its unlawful use of "DOOR SYSTEMS, INC." in the Commonwealth of Massachusetts, alone and in combination, have resulted in consumer confusion.

COUNT I
(Trade Name Infringement)

69. Door Systems repeats and realleges paragraphs 1 through 68 of this Complaint as if they were fully set forth.

70. The defendant has infringed and is infringing Door Systems' trade name "Door Systems."

71. Door Systems has been and is being damaged by the defendant's infringement of Door Systems' trade name.

72. Door Systems has suffered due to the above-described activities of the defendant and will continue to suffer irreparable injury if the defendant is not preliminarily and permanently enjoined.

COUNT II
(False Designation of Origin Under the Lanham Act)

73. Door Systems repeats and realleges paragraphs 1 through 72 of this Complaint as if they were fully set forth.

74. The defendant's actions were and are in violation of 15 U.S.C. §1125(a) (Lanham Act § 43(a)), which imposes liability for the use in commerce of any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of a person with another person or as to the origin, sponsorship, or approval of its goods, services, or commercial activities by another person.

75. The defendant's continued use of the Door Systems Terms, alone and in combination with other terms, in violation of Door Systems' rights, is willful.

76. Door Systems has been and is being damaged as a result of the defendant's violation of 15 U.S.C. § 1125(a).

77. Door Systems has suffered due to the above-described activities of the defendant and will continue to suffer irreparable injury if the defendant is not preliminarily and permanently enjoined.

COUNT III
(Dilution under Mass. Gen. Laws ch. 110H, §13)

78. Door Systems repeats and realleges paragraphs 1 through 77 of this Complaint as if they were fully set forth.

79. The defendant's use in commerce of the Door Systems Terms, alone and in combination with other terms, is causing a likelihood of injury to Door Systems' business reputation and of dilution under Massachusetts law of the distinct quality of the Door Systems Terms.

80. By reason of the foregoing, Door Systems is entitled to relief under Mass. Gen. Laws ch. 110H, §13.

COUNT IV
(Unfair Competition Under Massachusetts Common Law)

81. Door Systems repeats and realleges paragraphs 1 through 80 of this Complaint as if they were fully set forth.

82. The defendant's use of the Door Systems Terms has resulted in actual confusion and is likely to continue to cause confusion or mistake among members of the purchasing public as to the source or origin of the defendant's goods and services. By virtue of the defendant's conduct, the defendant has engaged and is engaging in unfair competition in violation of the common law of the Commonwealth of Massachusetts.

83. The defendant's continued use of the Door Systems Terms, in violation of Door Systems' rights, is willful.

84. Door Systems has been and is being damaged as a result of the defendant's unfair competition in violation of the common law of the Commonwealth of Massachusetts.

85. As a result of the defendant's conduct, the defendant has caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Door Systems.

86. Door Systems has no adequate remedy at law.

COUNT V
(Massachusetts General Laws ch. 93A, §§ 2 and 11)

87. Door Systems repeats and realleges paragraphs 1 through 86 of this complaint as if they were fully set forth.

88. The conduct of the defendant constitutes unfair methods of competition or unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Massachusetts General Laws ch. 93A, § 2, and regulations promulgated thereunder.

89. The actions and transactions constituting the defendant's unfair methods of competition or unfair or deceptive acts and practices occurred primarily and substantially within the Commonwealth of Massachusetts.

90. The conduct of the defendant was and is willful or knowing and in violation of Massachusetts General Laws ch. 93A, § 2, and the regulations promulgated thereunder.

91. As a direct and proximate result of the conduct of the defendant in violation of M.G.L. ch. 93A, § 2, its unfair and deceptive acts and practices, and its willful or knowing

violations of M.G.L. ch. 93A, § 2, and the regulations promulgated thereunder, Door Systems has been and is being severely damaged.

92. Door Systems has suffered due to the above-described activities of the defendant and will continue to suffer irreparable injury if the defendant is not preliminarily and permanently enjoined.

COUNT VI
(Massachusetts General Laws ch. 156D, §§ 4.01 and 15.06)

93. Door Systems repeats and realleges paragraphs 1 through 92 of this complaint as if they were fully set forth.

94. The conduct of the defendant constitutes use of a corporate name that does not satisfy the requirements of M.G.L. ch. 156D, § 4.01, and thus violates M.G.L. ch. 156D, § 15.06.

95. The conduct of the defendant was and is willful or knowing and in violation of Massachusetts General Laws ch. 156D, § 15.06.

96. As a direct and proximate result of the conduct of the defendant in violation of M.G.L. 156D, § 15.06, and its willful or knowing violations of M.G.L. ch. 156D, § 15.06, Door Systems has been and is being severely damaged.

97. Door Systems has suffered due to the above-described activities of the defendant and will continue to suffer irreparable injury if the defendant is not preliminarily and permanently enjoined.

WHEREFORE, the plaintiff, Door Systems, demands judgment:

A. Preliminarily and permanently enjoining the defendant from using any of the Door Systems Terms, any term incorporating “DOOR SYSTEMS,” “DOOR SYSTEMS, INC.,”

or any confusingly similar term to promote goods or services in the Commonwealth of Massachusetts;

B. Preliminarily and permanently enjoining the defendant from using, in the Commonwealth of Massachusetts, “DOOR SYSTEMS, INC.,” “DOOR SYSTEMS,” or any other trade name that is confusingly similar to “Door Systems, Inc.” or “Door Systems” as a trade name for the defendant;

C. Preliminarily and permanently enjoining the defendant from using a website owned or controlled by the defendant, including the website accessible at the URL www.door.com, in a manner that infringes the Door Systems Rights;

D. Preliminarily and permanently enjoining the defendant from diluting the distinctive quality of the Door Systems Terms in the Commonwealth of Massachusetts;

E. Preliminarily and permanently enjoining the defendant from engaging in unfair methods of competition with Door Systems;

F. Determining and awarding Door Systems its damages resulting from the defendant’s infringement of its trade name rights, as alleged in Count I of the Complaint, plus interest, costs, and attorneys’ fees;

G. Determining and awarding Door Systems its damages resulting from the defendant’s violation of 15 U.S.C. § 1125(a), as alleged in Count II of the Complaint, plus interest, costs, and attorneys’ fees;

H. Determining and awarding Door Systems its damages resulting from the defendant’s violation of Mass. Gen. Laws ch. 110H, § 13, as alleged in Count III of the Complaint, plus interest, costs, and attorneys’ fees;

I. Determining and awarding Door Systems its damages resulting from the defendant's unfair competition with Door Systems, as alleged in Count IV of the Complaint, plus interest, costs, and attorneys' fees;

J. Entering judgment that the defendant has committed unfair and deceptive acts or practices declared unlawful under Massachusetts General Laws ch. 93A, as alleged in Count V;

K. Determining and awarding Door Systems its damages resulting from the defendant's violation of Mass. Gen. Laws ch. 93A, as alleged in Count V of the Complaint, including all relief available thereunder, plus interest, costs, and attorneys' fees;

L. Determining that the defendant violated Massachusetts General Laws ch. 93A, §2, as alleged in Count V, that the damages be trebled pursuant to Massachusetts General Laws ch. 93A, §11, and that Door Systems be awarded its attorneys' fees in connection with this action;

M. Preliminarily and permanently enjoining the defendant from engaging in unfair and deceptive acts in violation of Massachusetts General Laws ch. 93A as alleged in Count V;

N. Determining that defendant's actions in infringing Door Systems' rights and in engaging in unfair competition were willful and increasing the award of damages to Door Systems, and awarding interest, costs, and attorneys' fees, as a result of those willful actions;

O. Ordering the defendant to change its corporate name with the Commonwealth of Massachusetts to a name that is not DOOR SYSTEMS, INC., that does not include "Door Systems" or "DOOR SYSTEMS," and is not confusingly similar to Door Systems, Inc. or Door Systems;

P. Enjoining the defendant from using in the Commonwealth of Massachusetts DOOR SYSTEMS, INC., or a name that includes "Door Systems" or "DOOR SYSTEMS" or any other name that is confusingly similar to Door Systems, Inc. or Door Systems; and

Q. Granting such other and further relief as this Court may deem just and proper.

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

DOOR SYSTEMS, INC.,

By its attorneys,

/s/ Susan G. L. Glovsky

Susan G. L. Glovsky (BBO# 195880)
susan.glovsky@hbsr.com
Benjamin H. Silvers (BBO# 715739)
benjamin.silvers@hbsr.com
Hamilton, Brook, Smith & Reynolds, P.C.
155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone: 617-607-5900
Fax: 978-341-0136

Dated: September 9, 2026

5168180.v1